# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:25-CV-00131-KDB

| | |
|---|---|
| CRYSTAL WOLFE SELFE,<br><br>**Plaintiff,**<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>**Defendant.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff Crystal Selfe's appeal of an unfavorable administrative decision denying her application for disability insurance benefits under the Social Security Act. Doc. No. 3. Having reviewed and considered the parties' briefs, the administrative record, and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to more thoroughly explain the basis for her decision. Accordingly, the Court will **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

## I. PROCEDURAL BACKGROUND

On May 8, 2023, Plaintiff Crystal Selfe applied for disability insurance benefits under Title II of the Social Security Act, alleging that she had been disabled since November 1, 2017.[1] Doc. No. 2 at 21. Selfe's claim was denied initially and upon reconsideration. *Id.* Selfe then requested

---

[1] Selfe alleges she attempted to amend her onset date to May 1, 2021, during the hearing with the ALJ, Doc. No. 3 at 1, because the original alleged onset date in November 2017 "was not supported." Doc. No. 3 at 10. However, the ALJ denied the request because it was not in writing. Doc. No. 2 at 21.

1

a hearing before an Administrative Law Judge ("ALJ"), where she was represented by counsel. *Id.* After conducting the hearing, ALJ Nancy McCoy denied Selfe's application in a decision dated April 25, 2025. *Id.* at 33. The Appeals Council denied Selfe's request for review; thus, the ALJ's determination stands as the final decision of the Commissioner. *See* Doc. No. 2 at 5. Selfe now timely seeks judicial review under 42 U.S.C. § 405(g).

## II.     THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process ("SEP") established by the Social Security Administration ("SSA") to determine whether Selfe was disabled under the law during the relevant period.[2] At step one, the ALJ found that Selfe was not currently engaged in substantial gainful activity and had not done so from the alleged onset date of November 1, 2017, through the date of her decision. *Id.* at 24 (citing 20 C.F.R. §§ 404.1571, et seq.). At step two the ALJ determined that Selfe had the following severe impairments: "sensorineural hearing loss in the left ear; mixed hearing loss in the right ear secondary to dysfunction of the right eustachian tube; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; degenerative joint disease of the left knee; obesity (20 CFR 404.1520(c))." *Id.* At step three, the ALJ found that none of Selfe's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P,

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but under step five the Commissioner must prove the claimant can perform other work in the national economy despite her limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). *Id.* at 26.

Before proceeding to step four, the ALJ determined that Selfe had the following residual functional capacity ("RFC"):

> to perform medium work as defined in 20 CFR 404.1567(c) except can climb ladders, ropes, or scaffolds frequently; frequently stoop, kneel, crouch, and crawl; can never work at unprotected heights; never work in close proximity to moving mechanical parts; never operate a motor vehicle; is able to work in extreme cold occasionally, in extreme heat occasionally, and in a moderate noise environment as defined by the Selected Characteristics of Occupations (SCO); able to perform tasks that require face to face verbal communications or to be able to see the person that they are speaking with.

*Id.* at 27.

At step four, the ALJ found that Selfe did not have past relevant work. *Id.* at 32. Finally, at step five, the ALJ concluded that there were other jobs in significant numbers in the national economy that Selfe could perform based on her age, education, work experience, and RFC. *Id.* These jobs included laundry worker I; cleaner, industrial; and assembler, motor vehicle. *Id.* at 32. Thus, the ALJ found that Selfe was not disabled under the Social Security Act from November 1, 2017, through December 1, 2022, the date last insured. *Id.* at 33.

### III.   LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604–05 (4th Cir. 2025); *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are

3

'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 98-99 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 102 (citation modified). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[3] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation modified). "This isn't a high threshold." *Drumgold*, 144 F.4th at 604. Accordingly, this Court does not review a final decision of the Commissioner *de novo, Metcalf v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Drumgold*, 144 F.4th at 604; *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial

---

[3] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not." *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction "is so narrow that it is often very difficult for a court to decide upon which side of the line evidence falls"). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that "scintilla is Latin for 'whatever a judge wants it to mean.' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

4

evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation modified). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id.*; *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, the Court must always ensure that proper legal standards are being followed. *Long v. Kijakazi,* No. 1:22-CV-00091-KDB, 2022 WL 18026331, at *2–3 (W.D.N.C. Dec. 30, 2022).

## IV.   DISCUSSION

In her appeal to this Court, Selfe raises a single complaint, arguing that the ALJ's decision must be vacated because she did not account for the "total limiting effects" of Selfe's degenerative disc disease in finding her capable of medium work. *See* Doc. No. 3. As a result, Selfe alleges that the ALJ failed to support her RFC determination with substantial evidence. The Court agrees. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). "[A] proper RFC analysis' proceeds in the following order: (1) evidence, (2) logical explanation, and (3) conclusion." *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)) (internal quotations omitted).

SSR 96-8p sets forth the analytical framework an ALJ must follow when formulating a claimant's residual functional capacity. *See* SSR 96-8p, 1996 WL 374184. The ruling requires that

5

"[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations) …. The [ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (July 2, 1996). Medical records frequently contain conflicting or inconsistent information, particularly when a claimant's conditions or symptoms naturally fluctuate in severity over time. It is the ALJ's role to evaluate and reconcile these inconsistencies, assess the claimant's residual functional capacity, and articulate findings that are supported by the record. When she does, the Court must affirm the ALJ's decision. When, as here, she does not, the case must be remanded.

Although there is ample evidence in the record to support the ALJ's determination that Selfe's symptoms are not as severe as alleged, the ALJ's opinion fails to explain how she arrived at her decision that Selfe is capable of medium work. More specifically, the Court is left guessing at how the ALJ determined that Selfe can lift up to fifty pounds at a time or frequently carry objects weighing up to twenty-five pounds. Or, indeed, "climb ladders, ropes or scaffolds" frequently. Absent the incorporation of limitations—which are not present here—an RFC that someone can perform the full range of medium work includes "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds …. [and] standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." *Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (1983).

In other words, the ALJ did not "show [her] work." *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). For example, the Court can find no logical bridge

between Selfe's assertion that she uses a cane intermittently and can lift only about four pounds, and the ALJ's determination that she can lift fifty pounds and carry twenty-five regularly. Similarly, the ALJ provides no explanation for her determination that Selfe, who reports that she cannot walk for more than thirty minutes and uses a cane at least intermittently, can nevertheless stand and walk for up to six hours in an eight-hour workday and can frequently climb ladders, ropes, or scaffolds, and frequently stoop, kneel, crouch, and crawl. Such errors are not harmless where, as here, a finding by the ALJ that Selfe is capable of anything less than medium work would result in a finding of disability.

Accordingly, the Court will **REVERSE** the Commissioner's ruling and **REMAND** to the ALJ to provide sufficient explanation of the basis for the residual functional capacity determination and the consideration given to the relevant evidence.[4]

## I.     ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

The Commissioner's decision denying Selfe's application for disability benefits is **REVERSED.** This matter is **REMANDED** to the ALJ for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 6, 2026

Kenneth D. Bell
United States District Judge

---

[4] To be clear, the Court expresses no opinion as to whether Selfe should be found disabled, or whether she does or does not require additional limitations to her RFC. The Court only seeks to ensure that the ALJ properly considers the relevant evidence and fully explains her decisions.